IN The United States District Court
Eastern District Court of Pennsylvania

| | |
|---|---|
| Mubarak Alexander<br>Plaintiff<br>Vs.<br>Srgt. Vingaliss, Srgt. Hartman, Nurse Kristen, Warden Lagona, Bucks County, John Doe #1, John Doe #2, John Doe #3, John Doe #4<br>Defendants, | Civil Action<br>#<br><br>"COMPLAINT"<br><br>– Civil Federal Section 1983 Lawsuit – |
| All Defendants are sued in both their individual and official capacities | Date: October 14, 2021<br>10/14/2021<br><br>This is plaintiff's 1st Federal Civil Section 1983 Lawsuit<br>– No Priors – |

## "COMPLAINT"

"Brief summary of claims/facts"    Pursuant to 42 U.S.C. § 1983

① Plaintiff Mubarak Alexander brings this action against all of the above listed Defendants for the violation of his 8th Amendment Right of the United States Constitution for Excessive force used against him a (seriously mentally ill prisoner) while he was incarcerated a Bucks County Prison in the Mental Health Unit (MHU). Multiple guards which are Defendants in this action used excessive force against Plaintiff while other Defendants failed to intervene with the excessive force cruel beaten by Defendants as the Bucks County had failed to train/properly train Defendants to deal with (SMI) prisoners and Nurse Denied him of Medical care for injuries sustained during/after the excessive force.

## JURISDICTION - VENUE

(2). The issues given Rise to this Action Occurred in Bucks County Prison which is Located in Doylestown, PA In Bucks County Pennsylvania in the Eastern District of PA, therefore the Eastern District Court of Pennsylvania is proper venue for this Action. Incident occurred in 2018 however awaiting on Response for grievances filed on the issues in question, the Investigation of the issue ended March 15, 2021 upon being notified of the outcome of the investigation - exhaustion completed as of 3/15/21. 28 U.S.C § 1391(B)(2)

(3). This Court has Jurisdiction to determine which Reliefs Plaintiff is entitled to under the appropriate section statutes of the United States Constitution, etc, Constitutional Claims & state PA Law Claims of Assault & Battery & 8th amendment Claims seeking Compensation Damages, Punitive Damages, Injunctive Relief, Declaratory Judgement as well as cost of Action filing, Litigation expenses-fees, Informa Pauperis Cost & attorney fees etc. Section 1983 Lawsuit 28 U.S.C § 1331, 28 U.S.C § 2283 and 2284, 28 U.S.C § 1331 and 1343(A)(3), 42 U.S.C §1983

## PARTIES - Plaintiff

(4). **Plaintiff Alexander (Mubarak Alexander)** was incarcerated at "Bucks County Prison" on July 6, 2018 when incident occurred where he verbally & written reported it to prison officials multiple times. Plaintiff was at SCI-Camphill PA DOC when he received Notice Dated March 15, 2021 concluding The decision of his exhaustion - Investigation. Plaintiff is Currently Now Incarcerated in PA Department of Corrections SCI-Phoenix inmate # QF-5976, 1200 Mokychic Drive, Collegeville, PA 19426

(Smart Communications/PA DOC
Mubarak Alexander
Inmate # QF-5976
SCI-Phoenix
PO Box 33028
St. Petersburg, Florida 33733)

- Note: Defendants Attorney must mail Legal Documents to plaintiff at "SmartCommunications" which is 3rd party vendor of PA DOC only if their attorney don't have (ACN) Attorney Control Number verified approved by DOC as privileged legal mail to send to prisons direct address

# Parties

## Defendants

List of Defendants "9" total Defendants sued in this Action as listed.

5.) Defendant Vingaliss was a SRgt employed by Bucks County Prison, PA when claims given rise to action on July 6, 2018. But was fired as a result of the investigation for his assaults against plaintiff. Defendant Vingaliss is sued in both his individual & official capacity, at all times mentioned relevant in this action under color of law.

6.) Defendant Hartman is a SRgt employed by Bucks County Prison when claims given rise to this action. He is sued in both his individual & official capacity, under color of law at all times relevant mentioned in this action.

7.) Defendant Kristen is a Nurse of medical department employed by/ At Bucks County Prison, employee of Bucks County-Defendant. Under color of law sued in individual & official capacity at all times mentioned/relevant in this action. She's sued "

8.) Defendant Lagona is the Warden of "Bucks County Prison". He is sued in both official / individual capacity under color of law at all times relevant/mentioned in this action.

9.) Defendant Bucks County (Bucks County Prison, included) is the county where incident occurred & is employer of all defendants individual employees as county failed to properly train its employees (Defendants) which caused injuries to plaintiff as a result of defendants unconstitutional practice. Sued in both individual and official capacity under color of law "Monell claim" at all times mentioned/relevant in action.

10. Defendant John Doe #1 is an officer employeed at "Bucks County Prison" Present and participated in violations & failed to intervene. He is sued in Both official/Individual capacity under color of law at all times relevant mentioned in this action.

11. Defendant John Doe #2 is an officer employeed at "Bucks County Prison", Present & participated in violations & failed to intervene. He is sued in official/~~Both~~ Individual capacity under color of law at all times relevant mentioned in this action.

12. Defendant John Doe #3 is an officer employeed by "Bucks County Prison", Present & participated in violations & failed to intervene. He is sued in Individual/official capacity under color of law, at all times relevant mentioned in this action.

13. Defendant John Doe #4 is an officer employeed by "Bucks County Prison", Present & participated in violations & failed to intervene. He is sued Individual/official capacity under color of law, at all times relevant mentioned in this action.

\* ( This List concludes the Defendants ) \*

See: FACTS Beginning on Next page →
Paragraph #14 to 31
which #31 includes exhaustion of remedies

# FACTS

14. Plaintiff is a seriously mentally ill prisoner with diagnosis of Schizoaffective Disorder, Anti Social Personality Disorder & other unspecified mental illnesses.

15. On July 6, 2018, 7:00 - 9:00 AM, while Plaintiff Alexander was incarcerated at Bucks County Prison, he was on the Mental Health Unit (MHU) at the Prison in the Dayroom near the cells on unit where multiple Defendants used excessive force against him & attacked him physically and other Defendants was present and saw incident occurring but failed to intervene although they knew a constitutional violation was occurring by Defendants & had time to intervene but has failed.

16. On above mentioned date/time 7/6/18 7:00-9:00 AM, Plaintiff Alexander for no valid reason was strapped down and put in a Restraint chair. His arms/legs was strapped to chair as he was seated in chair-Restrained when assaulted by Defendants.

17. Defendant Vingaliss started punching, elbowing, yanking, striking, choking Plaintiff Alexander multiple times while Plaintiff Alexander was being Restrained- on side of the Restraint chair strapped down. Defendant Vingaliss punched struck etc Plaintiff Alexander in face, eye, mouth, head chest arms and throughout body multiple times because he was angry at plaintiff. This left bruises, bleeding, pain, etc.

18. Plaintiff Alexander at no time threatened any defendant, provoked any of them, nor did he assault or resist them, nor did he refuse to obey any orders-none was given. Multiple Inmates witnessed the excessive force used.

19. Plaintiff was then while in Restraint chair by multiple Defendants including Vingaliss, Defendant Hartman, and All John Doe #1-4 punched, kicked, elbowed, kneed very hard & rough multiple times in legs, stomach, and specifically his penis and testicles as they grabbed & squeezed his penis/testicles

20.) Defendants stepped on his legs, feet & stepped down on Plaintiffs penis/testicles while Plaintiff was restrained in the restraint chair, non-combative. This caused extreme pain & discomfort, defendants did so with intent to harm & humiliate Plaintiff. Defendants pushed/pressed on multiple of plaintiffs pressure points causing pain/discomfort. They forced Plaintiff to scream, move, & cry out in pain as they (Defendants) squeezed his pressure points throughout body & penis/testicles very hard forcing him to move in pain as they said to him to stop resisting although they forced him to move about.

21.) Defendant Hartman then put a towel around plaintiffs face & mouth which was dripping a lot of blood from Plaintiffs injuries busted eye, busted bloody lip, as Plaintiff was struck multiple times by Defendants, his teeth was knocked into his lip causing bites. Defendant Hartman began & started smothering & choking Plaintiff Alexander with towel, wrapped it around plaintiffs face & neck squeezing tightly to suffocate plaintiff.

22.) Defendants then put a spit mask around plaintiff face to hide Plaintiffs injuries bloody face lip, mouth, etc also to prevent his blood from getting onto them, defendants did so to harm & humiliate plaintiff. They yanked his face & head back choking him with spit mask prior to placing it over his face/head. Plaintiff sought medical & emotional treatment but was denied of. Being punched in my mouth by Defendants caused my teeth to puncture my lip causing cuts.

23.) None of the Defendants was trained, specifically none was trained to properly deal with/handle seriously mentally ill prisoners at time of this incident July 6, 2018. As a result of the Bucks County Defendant failing to properly train other individual defendants to use less amount of force possible on mentally ill prisoners, the Defendants used excessive force and harmed plaintiff physically/sexually, psychologically etc.

24.) As a result of being inadequately trained, The Defendants was required to be retrained to handle situations more appropriately instead of using the amount of force that they used against plaintiff Alexander, which was extremely excessive. Causing pain extreme, bruises, cuts, abrasions, bleeding throughout body.

25.) After the use of excessive force against plaintiff by the Defendants who all participate in by beating plaintiff, or failing to train defendants or failing to intervene with the beating plaintiff was subjected to, The Defendant Kristen, The Nurse denied plaintiff Alexander Medical care/treatment for his injuries that was obvious, bloody face-mouth, etc. Pain extreme in face, head, neck, testicles penis, etc... She refused to treat plaintiff and refused to document or properly document plaintiff's numerous of serious injuries, swollenness! etc

26.) Defendant LAGONA knew as a Warden of Bucks County Prison, that all other Defendants was not trained & knew of their history of using excessive force on other seriously mentally ill prisoners but failed to train defendants or discipline or investigate defendants for their history of abuse prior to using excessive force upon me. He had written verbal notice of the excessive force & lack of training prior but ignored the warnings. Therefore he condoned the excessive force & is liable for plaintiff's injuries as he is supervisor of all Defendants. They failed to supervise Defendants

27.) There is camera footage preserved of the incidents in question of Defendants using excessive force against plaintiff Alexander. The camera positioned on the ceiling/walls of (MHU) Mental Health Unit on July 6, 2018 7:00-9:00AM also handheld audio/visual video camera present on and recording most, if not all of the incidents injuries Defendant Hartman then closed the handheld camera and sat it on desk and then continued to physically attack plaintiff

# FACTS

28. At no time did the present officers (Defendants) intervene with the beating by other Defendants against plaintiff Alexander. Defendant Vingaliss, Hartman and all "4" of the John Does listed defendants was present, alert, attacked, used excessive force and had time to intervene with the excessive force but failed, instead they encouraged & cheered each other on to injure plaintiff more. I was also by the warden & Defendants threatened with death if I file grievance about the incidents that occurred. I was scared but I filed complaints.

29. As a result of this incident that occurred on July 6, 2018 at "Bucks County Prison", Mental Health Unit (MHU) P~. Defendant Vingaliss was fired by the prison officials and the other guards (Defendants) who were present and/or participated was retrained (See: Document Exhibit #A) (attached proof in support) of claims.

30. The above mentioned document is dated ~~March~~, March 15, 2021 too addressed to plaintiff Alexander from the County of Bucks Prison Oversight Board, Administration Building.

31. At the time of incident July 6, 2018 plaintiff filed & made numerous of verbal & written complaints-grievances about the incident which was ignored and not processed, so plaintiff constantly made follow up requests & grievances monthly and the most recent was October 2020 which this grievance was finally responded to with the response dated March 15, 2021. Plaintiff made numerous of ~~followup~~ grievances (requests to find out if this incident was documented, investigated to, to find out status/results. Plaintiff didn't receive a response until 3/15/21 ~~through~~ as the incident was still being investigated to offer relief until 3/15/21 for the first time it was brought to plaintiff's attention. He was waiting on relief to be provided such as compensation-punitive money damages for his injuries, pain & suffering also other such discipline of Defendants such as fired or retrained.

Plaintiff Exhausted all available & unavailable remedies timely

The above concludes exhaustion

## EXHAUSTION

— I appealed as far as I was allowed but received nothing no appeal response back — See above in Paragraph #31

Pg 9

## Legal Claims

32. Paragraph #1 through #31 is Realleged, Restated, and Incorporated by Reference to this section which List Plaintiff, Venue, Defendants, Brief summary of claims and facts, Exhaustion, Factual Section and this Legal Claim section which also to be Realleged Restated As Relief section.

33. Defendant VINgaliss, Hartman, John Doe #1, John Doe #2, John Doe #3 and John Doe #4 violated Plaintiff's Alexander's 8th amendment of U.S Constitution by using excessive force intentionally maliciously against Plaintiff by cruelly Beat Punched kneed kicked him all over Body causing Injuries. Maliciously

34. Defendant VINgaliss, Hartman, John Doe #1, John Doe #2, John Doe #3, & John Doe #4 violated plaintiff Alexanders 8th amendment of U.S constitution by although all of them were was present and participated in excessive force and had chance to Intervene but failed to knowingly. The Defendants failed to Intervene with Beating described in Paragraph #33 and more set forth in factual section of complaint

35. Defendants Listed as Above in paragraph # 33 & 34 all violated Pennsylvania State Law "Assault & Battery" for above incidents they used excessive force and threatened plaintiff with harm prior to this maliciously.

36. Defendant Kristen violated plaintiff Alexander's 8th amendment by knowingly intentionally maliciously by Denying him treatment medical care for the serious Injuries plaintiff was caused by defendants as listed throughout the facts section of the complaint also as listed in paragraph #33-35, After Defendants used excessive force against plaintiff purposely.

37. Defendant Bucks County and Lagona violated plaintiff Alexanders 8th amendment of us constitution by knowingly failing to train Defendants to handle work with mentally ill prisoners, use less amount force as possible. This deliberate indifference

# Requested Relief

38. $50,000 cash compensation damages against/from each and every Defendant jointly and or severally (All claims)

39. $50,000 cash punitive damages against/from each & every defendant jointly and or severally (All claims)

40. $100,000 cash for pain & suffering (IIED) Intentionally Infliction of Emotional Distress / Mental Anguish.

41. $100,000 for attorney fees associated with this action & representation of Plaintiff.

42. Plaintiff requestes that Defendants pay all fees associated with the filing of this action including informa pauperis cost, litigation fees & expenses all associated court fees, etc.

43. Plaintiff Request a jury trial on all issues/claims triable by jury.

44. Declaratory Relief judgement that Defendants violated plaintiff constitutional & PA state law Rights Federally civilly.

45. Defendants to produce all documents & "camera footages", reports of this issues incidents in question in the "facts" of complaint, etc. Defendants shall identify by name the John Does listed as defendants involved in incident.

## Injunctive Relief

46. Defendants to properly train any/all employees the Bucks County, Bucks County Prison, Warden Lagona hire, they shall all be required to take 300 hours of specialize training in the areas of handling mentally ill prisoners and use of force policy. The prison shall create an adequate full complete policy on the dealing with, housing and handling the mentally ill and the use of force. Defendant are to be trained prior to working on such (MHU) Mental Health Unit at Bucks County Prison.

(47.)

## Verification  SWORN

I, Mubarak Alexander verify swear under oath, that every statement made within this complaint is 100% true & correct to the best of my knowledge, information ad understanding, belief. I understand that false statements are subjected to penalty of perjury $18 §1746
28 § 1746
18 § 4904

Signed: _Mubarak Alexander_
Pro Se Plaintiff  Mubarak Alexander
Date: October 14, 2021   10/14/2021
executed on: 10-17-21

Mubarak Alexander
Inmate # QF-5976
1200 Moky Chic Drive
Collegeville, PA 19426
SCI- Phoenix

Courts/Legal Agencies Are to mail any/All Documents related to this matter complaint to Plaintiff At address →

See: Attached Exhibit #A
Showing that Defendant Vingaliss was fired-ended his employment by Prison officials for wrongly intentionally maliciously using excessive force & striking plaintiff in face, chest, lip, etc multiple times causing serious injuries as the investigation revealed on March 15, 2021

Alexander
vs.
Vingaliss, et al.,
Eastern District Court of PA



# County of Bucks

**PRISON OVERSIGHT BOARD**
Administration Building
55 East Court Street, Doylestown, PA 18901
(215) 348-6435   Fax (215) 348-5216

**County Commissioners**

Diane M. Ellis-Marseglia, LCSW, *Chair*
Robert J. Harvie Jr., *Vice Chair*
Gene DiGirolamo

March 15, 2021

Mr. Mubarak Alexander
#QF5976
SCI-Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA 17001

Dear Mr. Alexander:

I am writing in response to the Level 1 grievance you filed with the Bucks County Prison Oversight Board in October of 2020 regarding an incident which occurred in 2018 at the Bucks County Correctional Facility. Although your grievance had not gone through the usual steps when the Board received it, we felt it important to look into your grievance immediately in light of the serious nature of the allegations you made.

My investigation revealed that the guard who struck you was immediately fired by prison officials. The other guards who were present during the incident were retrained.

Given the actions taken by the Department of Corrections in response to the guards' conduct, this grievance investigation is hereby concluded. Thank you for bringing this important matter to our attention.

Very truly yours,

Ann P. Russavage-Faust
Public Defender

APR-F:sls
cc: Kimberly S. Doran, Deputy Controller
    Chris Pirolli, Director of Corrections

Case 2:21-cv-04633-KSM   Document 1   Filed 10/20/21   Page 13 of 13

