REPKO LAW, LLC
ROBERT T. REPKO, ESQUIRE
100 East Court Street
Doylestown, PA 18901
(215) 348-9500
PA Attorney I.D. 80111

**NOTICE TO PLEAD**
**To Plaintiff:**
You are hereby notified to
file a written response to the
enclosed, or judgment may be
entered against you.
By:  /s/ Robert T. Repko, Esquire
       Attorney for Defendant,
       *Gregory Vingless*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUBARAK ALEXANDER, | CIVIL ACTION |
| Plaintiff | |
| vs. | Case No: 21-cv-004633 |
| GREGORY VINGLESS and MATTHEW HARTMAN, Correctional Supervisors, in their individual and supervisory capacities; JEFFREY LONG, TIMOTHY MORAN, JACOB STARK, ALEX PEREZ, and GEORGE SIMPSON, Correctional Officers, in their individual capacities; KRISTEN HILL, nurse, in her individual capacity; PAUL LAGANA, Warden, in his individual and official capacities; and BUCKS COUNTY | JURY TRIAL DEMANDED |
| Defendants | |

### DEFENDANT GREGORY VINGLESS' ANSWER
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Gregory Vingless ("Defendant"), by and through undersigned counsel, hereby

submits this within Answer with Affirmative Defenses to Plaintiff Mubarak Alexander's

("Plaintiff) First Amended Complaint and, in support thereof, avers the following:

### I.   Preliminary Statement

Denied.  The averments set forth in this section are conclusions of law and fact to which no

response is required.  Strict proof is demanded at the time of trial in this matter.  By way of

further answer and denial, the Defendant specifically denies that he assaulted the Plaintiff at any time ort in any manner.  By way of further answer and denial, the Defendant also specifically denies that he was not properly trained by Bucks County as a Correctional Officer.  By way of further answer and denial, it is specifically denied that the Plaintiff was injured and, if the Plaintiff was injured, it is specifically denied that the Defendant in any way caused the same.

## II. Jurisdiction

1.      Admitted in part, Denied in part.  It is admitted that the Plaintiff has filed a legal action pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.  However, the remaining allegation are conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer, the allegation set forth herein refers to a document that speaks for itself and to which no response is required.

2.      Admitted in part, Denied in part.  It is admitted that the Plaintiff has asserted federal and constitutional claims.  However, the remaining allegation are conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer, the allegation set forth herein refers to a document that speaks for itself and to which no response is required.

3.      Denied. The allegations set forth herein are conclusions of law to which a response is not required. Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, it is denied that any events or omissions occurred in Bucks County upon which Plaintiff may assert any claims against the Defendant.

## III. Parties

4.      Admitted in part, denied in part. It is admitted, upon information and belief, that Plaintiff is a resident of Pennsylvania.  Furthermore, it is admitted that Plaintiff was a pre-trial

detainee at Bucks County Correctional Facility ("BCCF"). It is also admitted, upon information and belief, that Plaintiff was incarcerated at SCI-Houtzdale at the time the Amended Complaint was filed. However, the remaining allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form a belief as to truth off the allegations set forth herein regarding the reason Plaintiff was being detained at Bucks County Correctional Facility. By way of further answer and denial, it is specifically denied that the Plaintiff was physically assaulted by correction officers, and it is further denied that the corrections officers were working "in concert with one another."

5. Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that the Defendant was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

6. Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Matthew Hartman was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

7. Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required,

then said allegations are Admitted in part and Denied in part, as it is admitted that Jeffrey Long was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

8.      Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Timothy Moran was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

9.      Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Jacob Stark was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

10.     Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Alex Perez was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

11.     Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required,

then said allegations are Admitted in part and Denied in part, as it is admitted that George Simpson was employed by BCCF as a corrections officer but the remaining allegations are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

12.     Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Nurse Kristen Hill was employed by PrimeCare Medical as a nurse at BCCF but the remaining allegation are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

13.     Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Paul Lagana was a warden at BCCF but the remaining allegation are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

14.     Denied. The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If responses are deemed required, then said allegations are Admitted in part and Denied in part, as it is admitted that Bucks County is a county government organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at the Bucks County Administration Building, 55 E. Court Street, Doylestown, PA 18901. It is further admitted that Bucks County operates BCCF at 1730 South Easton Road, Doylestown, PA 18901. However, the remaining allegation are Denied as a conclusion of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

## IV. Facts

15.    Admitted in part, Denied in part. It is admitted that the Plaintiff was a pre-trial detainee at BCCF. However, and after reasonable investigation, the Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

16.    Admitted in part, Denied in part. It is admitted that the Plaintiff was confined at BCCF at some point in the past. However, and after reasonable investigation, the Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

17.    Admitted in part, Denied in part. It is admitted that the Plaintiff was a pre-trial detainee at BCCF. However, and after reasonable investigation, the Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

18.    Admitted in part, Denied in part. It is admitted that the Plaintiff was believed to have mental health issues, the Plaintiff had been receiving mental health treatment at BCCF and the Plaintiff was housed in the BCCF mental health unit. However, and after reasonable investigation, the Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

19.    Admitted to the best of the Defendant's recollection.

20.    Admitted to the best of the Defendant's recollection.

21.    Denied. After reasonable investigation, the Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

22.    Admitted in part, Denied in part. It is admitted that the Plaintiff assaulted BCCF staff by throwing urine at and on the supervising officer. By way of further answer, it is admitted

that the Plaintiff further damaged County property by throwing a clear shield that was placed in front of his cell across the hallway on more than one occasion. It is further admitted that certain officers were forced to wear protective gear to remove Plaintiff from his cell with the purpose of placing him a restraint chair, and that the Plaintiff placed his hands through the tray slot of his cell door to allow the officer(s) to handcuff him. However, the remaining allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, no officers entered Plaintiff's cell.

23.    Admitted, in that the Plaintiff did allow the officers to place handcuffs on him.

24.    Admitted in part, Denied in part. It is admitted that the Plaintiff exited his cell. However, the remaining allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, after Plaintiff was placed in handcuffs and removed from the cell, he actively began to resist the officers as they attempted to place Plaintiff in the restraint chair. By way of further answer and denial, and more specifically, the Plaintiff continued to resist, spit at and refuse to comply with the officers' orders. By way of further answer and denial, the Plaintiff also kicked at the officers as they tried to place his legs and feet into the restraint chair, which caused the foot restraints to break requiring a second chair to be obtained and utilized before officers were able to secure the Plaintiff in the same.

25.    Admitted in part, Denied in part. It is admitted that, once restrained in the chair, the Plaintiff's arms and legs were secure and had little room for movement; however, there enough movement was possible so as to allow Plaintiff to break the leg restraints. By way of further answer and denial, the remaining allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

26.     Admitted in part, Denied in part.  It is admitted that the Defendant engaged in appropriate and proper techniques to restrain and/or subdue the Plaintiff while the Plaintiff was resisting the directives of the corrections officers, while the Plaintiff was breaking free of his restraints, and while the Plaintiff assaulted and/or attempted to assault the Defendant and other BCCF personnel present.   By way of further answer and denial, the remaining allegations are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.

27.     Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, and at all times relevant hereto, the Defendant never assaulted the Plaintiff.  By way of further answer and denial, and at all times relevant hereto, the Plaintiff absolutely threatened, provoked, assaulted and resisted BCCF personnel.  By way of further answer and denial, the Plaintiff absolutely refused to obey the directives, commands and/or orders given by BCCF personnel.

28.     Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the Defendant never engaged in any assaultive behavior toward the Plaintiff, either individually or with a third party.

29.     Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the Defendant only ever used approved and proper techniques to subdue and/or restrain the Plaintiff.  By way of further answer and denial, the Defendant did not punch, kick, knee, elbow, grab or squeeze the Plaintiff as alleged.

30.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the Defendant never assaulted the Plaintiff, either individually or with a third party, nor did the Defendant cheer on anyone as alleged.

31.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein are specifically denied.

32.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial the Plaintiff was never assaulted.  By way of further answer and denial, it was the Plaintiff who resisted, acted out and/or assaulted BCCF personnel, who directed the Plaintiff to stop resisting and to stop engaging in his aggressive, dangerous and\/or combative conduct.

33.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the plaintiff was not assaulted.  By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations.

34.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer, and as soon as Plaintiff sat down in the restraint chair, he began to spit at the officers, at which time a towel was used first to shield the officers from Plaintiff's saliva until a

"spit guard"[1] was obtained. Before moving Plaintiff, an officer secured the spit guard over Plaintiff's nose and mouth. By way of further answer and denial, the Plaintiff was never assaulted. By way of further answer and denial, the remaining allegations are specifically denied.

35.     Admitted in part, Denied in part. It is admitted that a spit mask was placed on Plaintiff 's face to prevent him from spitting on BFFC personnel. However, the remaining allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the remaining allegations herein are specifically denied.

36.     Admitted in part, Denied in part. It is admitted that a spit mask was placed on the Plaintiff. However, the allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, the remaining allegations herein are specifically denied.

37.     Admitted in part, Denied in part. It is admitted that a spit mask was placed on the Plaintiff. However, the allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, the remaining allegations herein are specifically denied.

38.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, the remaining allegations herein are specifically denied. By way of further answer and denial, the Plaintiff was not assaulted.

---

[1] The "spit guard" used in this instance was a mesh mask, made of bacteria filtering medical grade fabric that covers the mouth and nose and is secured by elastic.

39.     Denied.  the allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations.

40.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the Plaintiff was not assaulted.

41.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the Plaintiff was not assaulted.

42.     Admitted in part, Denied in part.  It is admitted that Plaintiff was placed in the BCCF medical unit for an examination, as is proper protocol after a use of force event. However, the remaining allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.   By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the Plaintiff was not assaulted.

43.  ·  Admitted.

44.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of

further answer and denial, the remaining allegations are denied, especially the allegation that the Defendant assaulted the Plaintiff.

45.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

46.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

47.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

48.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

49.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

50.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

51.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the remaining allegations are denied.

52.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

53.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the remaining allegations are denied.

54.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

55.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

56.     The allegations set forth in this paragraph are directed at a party other than the Defendant and, therefore, no response is required. If a response is required, then said allegations are specifically denied.

57.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the Plaintiff was not assaulted.   By way of further answer and denial, the remaining allegations are denied.

58.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient

information to form as belief as to the truth of the remaining allegations. By way of further

answer and denial, the Plaintiff was not assaulted.   By way of further answer and denial, the

remaining allegations are denied.

      59.     Denied.  The allegations herein are denied as conclusions of law to which no

response is required.  Strict proof is demanded at the time of trial in this matter. By way of

further answer and denial, the allegation herein refers to a document that speaks for itself and to

which no response is required.  By way of further answer and denial, and after reasonable

investigation, the Defendant is without sufficient information to form as belief as to the truth of

the remaining allegations. By way of further answer and denial, the Plaintiff was not assaulted.

By way of further answer and denial, the remaining allegations are denied.

      60.     Denied.  The allegations herein are denied as conclusions of law to which no

response is required.  Strict proof is demanded at the time of trial in this matter. By way of

further answer and denial, and after reasonable investigation, the Defendant is without sufficient

information to form as belief as to the truth of the remaining allegations. By way of further

answer and denial, the Plaintiff was not mistreated.   By way of further answer and denial, the

remaining allegations are denied.

      61.     Denied.  The allegations herein are denied as conclusions of law to which no

response is required.  Strict proof is demanded at the time of trial in this matter.  By way of

further answer and denial, the allegations herein appear to refer to document(s) that speaks for

themselves and to which no response is required.  By way of further answer and denial, and after

reasonable investigation, the Defendant is without sufficient information to form as belief as to

the truth of the remaining allegations.   By way of further answer and denial, the remaining

allegations are denied.

62.    Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the Plaintiff was not assaulted or mistreated.   By way of further answer and denial, the remaining allegations are denied.

63.    Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations.  By way of further answer and denial, the remaining allegations are denied.

64.    Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required.  By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations.  By way of further answer and denial, the remaining allegations are denied.

65.    Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required.  By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to

the truth of the remaining allegations.  By way of further answer and denial, the remaining allegations are denied.

66.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required.  By way of further answer and denial, the remaining allegations are denied. By way of further answer and denial, the plaintiff was not assaulted.

67.     Denied.  The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. Denied. By way of further answer and denial, the remaining allegations are denied. By way of further answer and denial, the plaintiff was not assaulted.

68 a-b.   Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required.  By way of further answer and denial, the remaining allegations are denied.

69 a-d.   Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required.  By way of further answer and denial, the remaining allegations are denied.  By way of further answer and denial, the Plaintiff was not assaulted.

70.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required. By way of further answer and denial, the remaining allegations are denied.

71.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the remaining allegations are denied.

72.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the remaining allegations are denied.

73.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the remaining allegations are denied. By way of further answer and denial, the Plaintiff was not assaulted.

74.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

75.     Denied. The allegations herein are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter.

**V. Claims**

<u>**Count I**</u>
**Excessive Force**
**42 U.S.C. § 1983**
**George Vingless & Matthew Hartman**
(in their individual and supervisory capacities)
**Jeffrey Long, Timothy Moran, Jacob Stark, Alex Perez, and George Simpson**
(in their individual capacities)

76.     The responses to paragraphs 1 through 75 are incorporated as if set forth at length herein.

77.     Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the remaining allegations are denied.  By way of further answer and denial, the Plaintiff was not assaulted by the Defendant, either individually or with any third party.

78.     Denied. The allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required.  By way of further answer and denial, the remaining allegations are denied.

79 a-e. Admitted in part, Denied in part.  It is admitted that the Plaintiff was restrained because of his combative and aggressive conduct toward BCCF personnel.  It is also admitted that the Plaintiff had mental health issues and was on suicide watch.   However, the remaining allegations herein are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the Plaintiff was not assaulted by the Defendant, either individually or with any third party, nor was anyone cheering as alleged.  By way off further answer and denial, the Plaintiff was threatening, provoking, assaulting and/or resisting the appropriate and proper commands and directives of BCCF personnel. By way of further answer and denial, the remaining allegations are denied.

80.     Admitted in part, Denied in part.  It is admitted that the Plaintiff is suing individual corrections officers from BCCF.  However, the remaining allegations are denied as conclusions of law to which no response is required.  Strict proof is demanded at the time of trial

in this matter. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the remaining allegations are denied. By way of further answer and denial, the Plaintiff was not assaulted by the Defendant, either individually or with any third party.

81.     Admitted in part, Denied in part. It is admitted that the Plaintiff is suing individual supervisory corrections officers from BCCF. However, the remaining allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the allegations herein appear to refer to document(s) that speaks for themselves and to which no response is required. By way of further answer and denial, and after reasonable investigation, the Defendant is without sufficient information to form as belief as to the truth of the remaining allegations. By way of further answer and denial, the remaining allegations are denied.

82 a-c.   Denied. The allegations are denied as conclusions of law to which no response is required. Strict proof is demanded at the time of trial in this matter. By way of further answer and denial, the Plaintiff was not assaulted by the Defendant, either individually or with any third party, nor was anyone cheering as alleged. By way of further answer and denial, the remaining allegations are denied. By way of further answer and denial, the Plaintiff was not assaulted by the Defendant, either individually or with any third party.

**Count II**
**Failure to Provide Adequate Medical Care**
**42 U.S.C. § 1983**
**Nurse Kristen Hill**
(in her individual capacity)

83.     The responses to paragraphs 1 through 82 are incorporated as if set forth at length herein.

84 – 89.   The allegations set forth in these paragraphs are directed at a party other than the Defendant and, therefore, no response is required.  If responses are deemed required then said allegations are specifically denied.

<u>**Count III**</u>
**42 U.S.C. § 1983**
**14th Amendment**
**Warden Paul Lagana**
(in his individual and supervisory capacities)

90.      The responses to paragraphs 1 through 89 are incorporated as if set forth at length herein.

91 – 94.   The allegations set forth in these paragraphs are directed at a party other than the Defendant and, therefore, no response is required.  If responses are deemed required then said allegations are specifically denied.

<u>**Count IV**</u>
**42 U.S.C. § 1983**
**14th Amendment**
**Monell v. N.Y.C. Dept. of Social Servs, 436 U.S. 658 (1978)**
"Practice or Customs"
**Bucks County**
**Warden Paul Lagana**
(in his official capacity)

95.      The responses to paragraphs 1 through 94 are incorporated as if set forth at length herein.

96 – 99.   The allegations set forth in these paragraphs are directed at a party other than the Defendant and, therefore, no response is required.  If responses are deemed required then said allegations are specifically denied.

<u>**Count V**</u>
**42 U.S.C. § 1983**
**14th Amendment**
**Monell v. N.Y.C. Dept. of Social Servs, 436 U.S. 658 (1978)**
Failure to Train
**Bucks County**

100.    The responses to paragraphs 1 through 99 are incorporated as if set forth at length herein.

101 – 107.   The allegations set forth in these paragraphs are directed at a party other than the Defendant and, therefore, no response is required.  If responses are deemed required then said allegations are specifically denied.

### VI. Jury Trial Demand

No response is required.

### VII. Relief Sought

1.      Denied. The allegations herein are conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the Plaintiff's requested relief should be dismissed and/or denied.

2.      Denied. The allegations herein are conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the Plaintiff's requested relief should be dismissed and/or denied.

3.      Denied. The allegations herein are conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the Plaintiff's requested relief should be dismissed and/or denied.

4.      Denied. The allegations herein are conclusions of law to which no response is required.  Strict proof is demanded at the time of trial in this matter.  By way of further answer and denial, the Plaintiff's requested relief should be dismissed and/or denied.

### AFFIRMATIVE DEFENSES

1.      Plaintiff failed to state a cause of action upon which relief may be granted.

2.      The Defendant asserts all common law and statutory immunities. To the extent Plaintiff asserts state law claims, Plaintiff's claims are limited or barred by the Pennsylvania

Political Subdivision Tort Claims Act ("Tort Claims Act"); the Defendant assert all defenses, immunities and limitations of damages as set forth in the Tort Claims Act.

3.      The Defendant asserts the defense of qualified immunity, as articulated in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) and subsequent cases.

4.      The Defendants asserts that this qualified immunity is a right not to go to trial, as set forth in <u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985).

5.      The Defendant did not cause the Plaintiff's injuries. Plaintiff's alleged injuries and/or damages, if any, were caused by his own willful, malicious, and criminal misconduct and/or his own negligence, carelessness and reckless disregard for his safety, and the safety and rights of others, and not by any civil rights violation(s).

6.      The Defendant was not deliberately indifferent to the Plaintiff's alleged needs.

7.      Punitive damages are prohibited against the Defendant.

8.      The Defendant asserts that he is immune from the imposition of damages premised upon negligent conduct.

9.      The Defendant asserts that he acted in accordance with all proper protocols, training, guidance, and instruction as directed by BCCF and/or the County of Bucks.

10.     The Defendant's actions or inactions were not the proximate, legal or substantial cause of any damage, injury or loss alleged by Plaintiff.

11.     To the extent Plaintiff's claims are barred by his own comparative negligence, assumption of the risk and/or consent, responding Defendant claims the same.

12.     Plaintiff is barred by collateral estoppel and/or res judicata, laches and/or unclean hands.

13.     Plaintiff's claims are barred by the applicable statute of limitations.

14.     Plaintiff failed to mitigate his damages.

15.     Plaintiff's claims are barred and/or limited by the Heck Doctrine as set forth in

Heck v. Humphrey, 512 U.S. 477 (1994).

16.     Plaintiff has not suffered the loss of any wages, salary, employment benefits or

other actual monetary loss, nor has Plaintiff sustained any physical injuries and he has failed to

state any claim for damages in the Complaint.

17.     Plaintiff has failed to state a claim upon which relief may be granted.

18.     Plaintiff has failed to establish that the Defendant violated clearly established law

and, as such, the Defendant is entitled to the defense of qualified immunity.

19.     Plaintiff has failed to establish that the Defendant violated his civil, statutory

and/or constitutional rights.

20.     Plaintiff refused to obey orders.

21.     Plaintiff failed to timely serve the complaint on all defendants.

WHEREFORE, the Defendant respectfully requests that Plaintiff's First Amended

Complaint be dismissed with prejudice and that judgment be entered in his favor.

Respectfully submitted,

Dated: June 29, 2023          REPKO LAW, LLC

By: ROBERT T. REPKO, ESQUIRE
PA Attorney I.D. No. 80111
100 East Court Street
Doylestown, PA 18901
(215) 348-9500
Attorneys for Defendant,
    Gregory Vingless

**<u>VERIFICATION</u>**

I, Gregory Vingless, hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements made therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: ___6-26-23___                    By: _____
                                            GREGORY VINGLESS