IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MUBARAK ALEXANDER,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-CV-4633-KSM |
| | : | |
| **BUCKS COUNTY,** *et al.*, | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

**AND NOW**, this 14th day of August, 2023, upon consideration of Defendants' Motion for Protective Order (Doc. No. 90), Plaintiff's opposition brief (Doc. No. 96), Defendants' reply brief (Doc. No. 97), and an in camera review of the relevant video footage, it is **ORDERED** that the motion is **GRANTED** as follows:

    A)    Any and all Bucks County Correctional Facility video footage produced by Defendants shall be governed by this Order.

    B)    The Court makes the following Protective Order which shall be permanently binding and enforceable against the parties, their agents, servants, employees, attorneys, and all legal or equitable successors, and all other persons in active consort or participating with any of them who received notice hereof:

    **1.**    **LIMITATIONS**: The records produced shall be used by counsel only in connection with this litigation. There shall be no further copying and/or dissemination of such records and such records shall be destroyed at the termination of the instant case. The confidentiality of such records shall be protected by this Order.

    **2.**    **APPLICABILITY**: This Order shall apply to any and all video footage produced by Defendants in this matter.

1

    **3.**     **PROTECTION:**

    a)     No subject matter identified in this Order may be disclosed, discussed or in any way communicated to any person other than:

    (i)     The attorneys of record of this said action, including paralegals and immediate secretarial and clerical staff who may be assisting said attorneys in the preparation of this case.

    (ii)     The Court and its designated representatives and employees.

    (iii)     Any one or more of the parties to this action when it is necessary for a person designated in subparagraph (i) above to confer for the purpose of preparing this action for litigation.

    (iv)     Such persons or entities other than those designated in sub paragraph (i-iii) above who have been retained to serve as expert witnesses in this case, such persons who are being considered as expert witnesses, and such persons who may be deposed and/or consulted by counsel in this matter, provided that such persons prior to disclosure, execute a written statement under the caption of this case and containing the following language:

*I hereby acknowledge that video footage produced by the Defendants is being disclosed to me only upon the condition that I agree to be subject to the Protective Order entered in the above captioned civil action by the United States District Court for the Eastern District of Pennsylvania. I have read and understand such Protective Order and I hereby agree to abide by and be bound by such Order under all penalties prescribed therein, including Contempt of Court.*

The above statement shall be promptly provided to counsel for the Defendants. However, to the extent that the deadline for the disclosure of expert witnesses has not passed, the statement shall be maintained by the party furnishing the protected information or documents to the witness until such time as a formal disclosure of the witness has been made.

In the event that an expert is a consulting expert for a party and will not be testifying in this action, neither the identity of the consulting expert nor the signed written statement for that consulting

expert shall be provided until immediately after termination of this action. Further, in the event that disclosure is made to a person who may be deposed, then the signed written statement of that person must be provided promptly following notice of the signed written statements of the proposed deposition. Finally, if disclosure is made to other persons consulted by counsel, who are not witnesses in the matter, then the signed written statement of the person shall be provided to counsel for the Defendants immediately after final termination of this action.

No subject matter protected in this Protective Order shall be used, conveyed, or transmitted in any manner by any person or entity for any purpose whatsoever other than for the preparation and trial of this action. The execution of this Protective Order shall not affect the admissibility of any materials in any proceeding.

All subject matter protected under this Order, all copies thereof, and all memoranda or other media disclosing in the contents thereof shall remain, except as specified below, in the custody of persons subject to this Order.

Upon final termination of this action, the parties and all other persons having possession, custody and control of subject matter governed by this Order shall assemble and return all such subject matter to Jaclyn C. Grieser, Esquire, Deputy County Solicitor, Bucks County Law Department, 55 E. Court Street, 5th Floor, Doylestown, PA 18901, including all copies of duplicates thereof which may ever have been made.

Every person or entity bound by this Order shall exercise special care and ensure that any partner, employee, servant, agent or attorney for the person so bound who obtains confidential subject matter, and who thereafter leaves the partnership, employment or agency of the principal so bound, shall restore all confidential subject matter to such principal and shall not disclose same to any other person or entity.

4. **COURT SUPERVISION**: Any party challenging the protected nature of particular

information or documents under this Order must attempt resolution of such challenge with other parties to the litigation and failing resolution, may then move for disclosure of the disputed subject matter.  However, until such time as a challenge is conciliated or determined by the Court, all such information and documents shall be protected under this Order.

This Order does not, by itself, authorize the filing of any video under seal.  Any party wishing to file a video protected by this Order in connection with a motion, brief or other submission to the Court must first meet and confer with opposing counsel about whether any party will request that the protected video(s) be filed under seal.  Any party seeking a sealing order must request one by motion to the Court.  No party shall file a video protected by this Order on the public docket absent the consent of all parties or further order from the Court.

5.     **NON-WAIVER**: Nothing in this Order shall be construed as a waiver of any party's right to object to any discovery, testimony or other proceeding on any ground, or to seek access by means of formal discovery or other court process in other litigation to material produced subject to this Protective Order, except as otherwise limited in the following sentence.  Before seeking access in other litigation to material subject to this Protective Order, a party shall give notice and an opportunity to be heard to all other parties so that a determination can be made as to whether the process or act of seeking access would itself determine or circumvent this Protective Order. The fact that subject matter protected under this Order may be the subject of testimony or other evidence shall not in any way vitiate this order.

**6.** **ENFORCEMENT**: A violation of this Order shall be a Contempt of Court, and may be redressed by any appropriate process on motion of any party or other person or entity aggrieved by such violation.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

**KAREN SPENCER MARSTON, J.**